IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DOMINION RESOURCES INC., et al.,
　　　Interpleader Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 3:15-cv-407

ESTATE OF DAVID GRIFFIN et al.,
　　　Interpleader Defendants.

**<u>OPINION</u>**

The motion before the Court is the latest battle in the Hundred Years' War over the assets of David Griffin. The war pits David's children and ex-wife, Sandra, James, and Gloria Griffin (collectively, "the Griffins"), against David's second wife, Kimberly Cowser-Griffin. The Griffins and Cowser-Griffin have litigated cases in various Virginia trial and appellate courts, and now present this Court with baroque procedural issues.

In this case, the parties dispute who is the rightful beneficiary of David's Dominion Salaried Savings Plan ("the Plan"). Dominion filed this interpleader action to resolve the competing claims to the money. The Griffins have moved for summary judgment, arguing that rulings in another part of their litigation have conclusively identified the proper beneficiary, so collateral estoppel bars Cowser-Griffin from litigating the issue. The Griffins argue that Cowser-Griffin advances here the same arguments as she did in the state court proceedings; the Griffins therefore contend that this action presents identical issues to those resolved in the earlier court litigation.

The Griffins' argument fails for two reasons. First, Dominion, a party here, did not take part in the state court proceedings. Prior rulings, therefore, cannot estop Dominion from defending its interests and decisions as a fiduciary in this action. Second, this action presents a

new issue not resolved in the state court litigation, because it results from a decision made by the Plan Administrator *after* the prior litigation had concluded.  Because this action involves a new party and presents a new issue not resolved in the state court proceedings, the doctrine of collateral estoppel does not apply.  The Court, therefore, DENIES the Griffins' motion for summary judgment.

## I. BACKGROUND

While working for Dominion, David participated in a retirement savings plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

David and Sandra Griffin, his first wife, divorced in 1998.  Their separation agreement said the Plan benefits should be payable to their children upon David's death.  The parties, however, never reduced the separation agreement to a qualified domestic relations order ("QDRO"), ordinarily a requirement for a change of beneficiaries after divorce.  The Plan defines a QDRO as "any domestic relations order or judgment that meets the requirements set forth in Section 414(p) of the Internal Revenue Code."  (Compl. Ex. A, at 66.)  It also says that "the Plan Administrator shall determine whether the order is a Qualified Domestic Relations Order under the provisions of Section 414(p) of the Internal Revenue Code."  (Id. at 65.)

David married Cowser-Griffin, his second wife, in 2007.  When David died in May 2012, the Plan documents listed Cowser-Griffin as the beneficiary of the funds.  Sandra petitioned the Circuit Court of Sussex County, Virginia, to reopen the divorce case and enter a proposed domestic relations order ("DRO") memorializing her claim, on behalf of her children, to the benefits in the Plan.  She argued that James and Gloria should receive the funds because her divorce agreement with David named her children as the beneficiaries.  Cowser-Griffin, as

2

Executrix of the Estate of David Griffin, opposed the action and argued that her rights to the Plan vested upon David's death.

The Circuit Court denied Sandra's motion for a DRO, finding that the funds had vested entirely in Cowser-Griffin as soon as David Griffin died. The Virginia Court of Appeals reversed the Circuit Court, ordering the Circuit Court to enter a DRO designating the Griffin children as the sole beneficiaries. The Supreme Court of Virginia later affirmed the Court of Appeals, and the United States Supreme Court denied certiorari. Although the Court of Appeals clearly viewed Sandra's proposed DRO as a QDRO, Dominion, the administrator of the retirement plan, never took part in the litigation.

On May 18, 2015, the Circuit Court entered the DRO ("May 18 DRO"). The May 18 DRO includes a clause that states that "notwithstanding anything to the contrary contained herein, no amounts shall be distributed to the Alternate Payees [the children of the first Griffin marriage] prior to the time the Plan Administrator determines that this Order is a Qualified Domestic Relations Order within the meaning of Code § 414(p) and ERISA § 206(d)." (Compl. Ex. H, at 2.) In other words, although the Court thought the DRO was a QDRO, Dominion had to decide it was a QDRO before anyone got any money. Sandra submitted the May 18 DRO to Dominion for payment of the Plan benefits. To her chagrin, the Plan Administrator determined that the May 18 DRO did not meet the requirements of a QDRO under the terms of the Plan. Her children, therefore, have not received the money.

Dominion filed this interpleader action because both the Griffins and Cowser-Griffin claim one hundred percent of the funds, which Dominion argues leaves it open to multiple claims.

## II. DISCUSSION[1]

Federal courts must apply the rules governing collateral estoppel of the state that rendered the original judgment. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982) (holding that federal courts must "accept the rules chosen by the State from which the judgment is taken"); *Sartin v. Macik*, 535 F.3d 284, 292 (4th Cir. 2008) (holding that federal courts "must look to the law of the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect"). In deciding whether a previous state court decision bars a litigant from bringing an action in federal court under federal question jurisdiction, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts apply state preclusion law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

Collateral estoppel, also known as "issue preclusion[,] . . . 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Lee v. Spoden*, 290 Va. 235, 246, 776 S.E.2d 798, 803 (2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). For collateral estoppel to apply, the defendant must show each of the following elements: (1) the parties to the prior and subsequent proceedings or their privies must be the same; (2) the issue in contention must have been litigated in the prior action; (3) the issue must have been essential to the judgment in the prior action; (4) there must have been a valid, final judgment in the prior action; and (5) mutuality.[2] *Scales v. Lewis*, 261 Va. 379, 382, 541 S.E.2d

---

[1] The Federal Rules of Civil Procedure allows parties to move for summary judgment on any claim or defense. Fed. R. Civ. P. 56(a). The familiar principles governing summary judgment allow the court to grant it if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

[2] Although the parties dispute each element of the collateral estoppel analysis except mutuality, Dominion and Cowser-Griffin advance meritorious arguments only as to elements (1) and (2). Accordingly, the Court need not address the remaining factors.

4

899, 901 (2001).  The party invoking collateral estoppel must prove by a preponderance of the

evidence that a prior judgment precludes relitigation of an issue.  *Scales v. Lewis*, 261 Va. 379,

383, 541 S.E.2d 899, 901 (2001).

### A. Identical Parties

The doctrine of collateral estoppel requires that the parties in the proceedings must be the

same.   In this case, the Griffins cannot satisfy the identical parties requirement because

Dominion was not a party to the state court litigation.  Although Dominion has no personal stake

in the Griffin Plan benefits, its Plan Administrator has an interest in properly exercising its

fiduciary duty.  If collateral estoppel barred this action, the Griffins would estop Dominion from

adequately performing its fiduciary duty in issuing the funds to the correct party.   Because

Dominion "was not a party or a privy and[,] therefore[,] has never had the opportunity to be

heard," the Court will not treat Dominion as a disinterested party for purposes of collateral

estoppel.  *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n. 7 (1979) (citing *Blonder-*

*Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)).  Accordingly, the Griffins

cannot satisfy the identical parties requirement because the parties in this action differ from the

parties in the state court proceedings.

### B. Same Issue Litigated in the Prior Action

Parties and their privies may not relitigate an identical issue that they litigated in a prior

action.  *See Hampton Roads San. Dist. v. City of Va. Beach*, 240 Va. 209, 213, 396 S.E.2d 656,

658 (1990); *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 981 (1974).  The issue must

have been the subject of *actual*, not potential, litigation in the previous suit.  *Snead v. Bendigo*,

240 Va. 399, 401, 397 S.E.2d 849, 850 (1990).

Dominion and Cowser-Griffin argue that this action presents a new issue, specifically, "what effect the Plan Administrator's decision has on the Interpleader Defendants' claims to the Griffin Plan Account, an issue which arose after the state court litigation." (Dominion's Mem. Opp'n 16.)  When the Virginia Court of Appeals ordered the Circuit Court to enter a QDRO, the Circuit Court included a clause requiring the Plan Administrator to determine whether the May 18 DRO is qualified under ERISA and the terms of the Plan before distributing any funds to the Griffins.  The parties have never litigated the issue of whether the Plan Administrator correctly determined that the May 18 DRO did not meet the requirements of a QDRO.

The Virginia Court of Appeals directed the Circuit Court to enter what the Court of Appeals (and presumably the Circuit Court) deemed a QDRO.  But the supposed QDRO said that, after entry of the order, *Dominion* would decide whether it is a QDRO.  Indeed, not only the DRO but the Plan itself assigns this duty to Dominion.  This action, therefore, presents a new issue not resolved in the state court proceedings: whether *Dominion* properly deems the DRO to be a QDRO.[3]  Consequently, the doctrine of collateral estoppel does not apply in this case.[4]

---

[3] The Griffins, relying on *Blue v. UAL Corp.*, 160 F.3d 383 (7th Cir. 1998), argue that the May 18 QDRO only requires the Plan Administrator to make a "purely ministerial" determination regarding qualified status. (Rebuttal Supp. 7.)  On the contrary, the Plan Administrator, however, still has the fiduciary duty to ensure that a state court-issued DRO meets the requirements for qualified status under the terms of the Plan and ERISA.  *See Blue*, 160 F.3d at 386 (holding that plan administrators must follow "a number of procedures that screen domestic-relations orders to ensure that only those 'qualified' under the statute are paid").  Essentially, this is an application of fact to law.  In this case, the Griffin Plan documents specifically instruct the Plan Administrator to "determine whether the order is a Qualified Domestic Relations Order under the provisions of Section 414(p) of the Internal Revenue Code." (Compl. Ex. A, at 65.)  The Plan Administrator, therefore, has the authority to determine whether a DRO meets the requirements for a QDRO.  Accordingly, in this case, the Plan Administrator's authority to determine whether a DRO is a QDRO extends beyond a ministerial review of the requirements for qualified status under ERISA.

[4] Dominion and the Griffins also argue that the state courts lacked jurisdiction to determine whether the DRO is a QDRO.  Because the Court decides this motion on other grounds, it need not address this issue.

## III. CONCLUSION

The Court DENIES the Griffins' motion for summary judgment in full because the Court finds that the doctrine of collateral estoppel does not apply in this case.

The Court invites Dominion to file its own motion for summary judgment suggesting how it should distribute the funds.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date:   July 29, 2016
        Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge